Sandi RUSH, Plaintiff(s),

v.

DENCO ENTERPRISES, INC.,
et al., Defendant(s).

Case No. EDCV 11–0030 DOC (OPx).

United States District Court,
C.D. California.

April 24, 2012.

Scottlynn J. Hubbard IV, Daniel Watts, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

David W. Peters, Lawyers Against Lawsuit Abuse, San Diego, CA, for Defendant.

## *ORDER* GRANTING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVID O. CARTER, District Judge.

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Sandi Rush (Docket 41) ("Motion for Summary Judgment"). After careful consideration of the moving, opposing, and replying papers, as well as oral argument, this Court hereby GRANTS IN PART AND DENIES AS MOOT IN PART Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Sandi Rush ("Plaintiff") is a paraplegic who is unable to walk or stand and requires the use of a wheelchair for mobility. Second Amended Complaint ("SAC"), ¶ 8. Plaintiff brings suit against Defendant Denco Enterprises, dba Denny's ("Defendant"), the owner and operator of a chain of restaurants, on the ground that Defendant's facilities are not wheelchair accessible. Specifically, Plaintiff alleges that Defendant maintains at least 17 barriers to accessibility, *id.* at ¶ 11–27, although it appears that only two have yet to be remedied by Defendant. *See* Motion for Summary Judgment, 2. The SAC lists causes of action for (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of California's Disabled Persons Act as set forth in California Civil Code § 54 ("CDPA"), (3) violation of the Unruh Civil Rights Act as set forth in California Civil Code § 51 ("Unruh

Act"), and (4) violation of California Health and Safety Code § 19955(a) and 19959.

Plaintiff brings the present Motion for Summary Judgment on what appear to be the only two of the seventeen barriers that were not remedied by Defendant: (1) insufficient strike side clearance adjacent to the door of the women's restroom, making it difficult for Rush to open the door when entering and (2) insufficient clearance at the women's restroom door when leaving the women's restroom, making it difficult for Rush to open the door when exiting. Motion for Summary Judgment, 2. Plaintiff also seeks summary judgment on each of Defendant's 45 affirmative defenses.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir.1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the nonmoving party has failed to present any

genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir.1990).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir.1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence … will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

## III. DISCUSSION

### A. *Rule 56(d) Motion*

■■■■ As an initial matter, this Court must first rule on Defendant's request for a continuance pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)")[1]. Rule 56(d)(2) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … allow time to obtain affidavits or declarations or to take discovery." In requesting a continuance pursuant to Rule 56(d), the nonmovant must make clear "what information is sought and how it would preclude summary judgment." *Burnett v. Frayne*, No. C 09–04693, 2011 WL 5830339, at *1 (N.D.Cal. Nov. 18,

---

1. Effective December 1, 2010, Federal Rule of Procedure 56 was amended, such that the provisions of subdivision (f) were moved to subdivision (d) without substantial change. *See* Fed.R.Civ.P. 56, Advisory Committee Notes ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)"). Cases discussing Rule 56(d) and Rule 56(f) may thus be discussed interchangeably.

2011) (quoting *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998)). "[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." *Id.* (quoting *Continental Maritime v. Pacific Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir.1987)); *see also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir.2006) (party seeking continuance has burden of producing declaration explaining "that additional discovery would have revealed specific facts precluding summary judgment").

■ Defendant has failed to meet its burden of showing that additional discovery would reveal specific facts precluding summary judgment. Defense counsel's first declaration states that because Plaintiff's definition of "strike clearance" may differ from what is required by law, his client should be entitled to review Plaintiff's final deposition testimony. Peters Dec., Docket 42–1, ¶ 4. Defense counsel further explained that he would "like to ask a Certified Access Specialist who has already reviewed the condition in question to provide a declaration once [he's] seen Plaintiff Rush's final testimony." *Id.*

These statements are far from sufficient to meet Defendant's burden. Defendant does not explain what specific, material facts the requested discovery would likely uncover, nor does he explain what facts he hopes to discover. Defendant does not explain why Plaintiff's understanding of strike clearance in her deposition would provide any assistance to its effort to oppose her Motion for Summary Judgment. Further, Defendant does not explain why he requires a Certified Access Specialist, what the Specialist would investigate, why the Specialist requires Plaintiff's deposition or why the Specialist was not retained earlier. Quite simply, the declarations do not alert the Court to any potential of material facts that would preclude sum-

mary judgment, as Defendant has failed to describe how the "necessary" discovery would aid it in its opposition to Plaintiff's Motion for Summary Judgment. Defendant's Rule 56(d) motion is DENIED.

To the extent that defense counsel's second declaration seeks additional time to respond to the issue of strike clearance when entering the women's restroom, it is DENIED as MOOT because, as discussed below, the Court DENIES AS MOOT summary judgment on that claim. Defendant is thus not entitled to a continuance pursuant to Rule 56(d).

## B. *Motion for Summary Judgment*

### 1. *Entry claim*

■ Plaintiff first moves for summary judgment on her claim that there is insufficient strike side clearance adjacent to the door of the women's restroom, making it difficult for her to open the door when entering. Plaintiff makes clear in the SAC that the only barrier to restroom entry is the presence of highchairs stored next to the door. SAC, ¶ 18. There, Plaintiff explains that "[t]here is insufficient clear floor space adjacent to the door for the women's restroom at the restaurant because Denny's stores highchairs there." *Id.* The SAC goes on to clarify that "[b]y storing highchairs next to the door leading to the women's restroom, Denny's prevented [Plaintiff] from opening it." *Id.* It is now undisputed that Denny's does not store the highchairs in the same place, such that the one barrier Plaintiff encountered in entering the women's restroom is no longer present. *See* Docket 45–1, p. 62 (where, in her deposition, Plaintiff noted that in an August 2011 visit, there were no longer any highchairs). If an ADA "plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot ab-

sent any basis for concluding that this plaintiff will again be subjected to the same wrongful conduct by this defendant." *Parr v. L & L Drive–Inn Rest.,* 96 F.Supp.2d 1065, 1087 (D.Haw.2000) (quoting *Independent Living Resources v. Oregon Arena Corp.,* 982 F.Supp. 698, 771 (D.Or.1997) (finding that if claims are moot, there is no need for the court to decide whether there was in fact any violation of the relevant statutes)). Because it is undisputed that Defendant has remedied Plaintiff's first stated barrier to entering the women's restroom, the Motion for Summary Judgment as to Plaintiff's first claim is DENIED AS MOOT.[2]

#### 2. *Exit claim*

■ Plaintiff next moves for summary judgment on her claim that there is "insufficient clear floor space adjacent to the door when leaving the women's restroom at the restaurant." SAC, ¶ 27. To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodation by the defendant because of her disability. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr,* 96 F.Supp.2d at 1085. To determine if Plaintiff describes an "architectural barrier" the

Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). *Id.* at 1086. If an element does not meet or exceed ADAAG standards, it is considered a barrier to access. *Id.* If Plaintiff satisfies these burdens, she has made out a prima facie case of discrimination, at which point the burden shifts to Defendant to rebut Plaintiff's evidence.

It is undisputed that Plaintiff suffers from a disability and that Denny's is a public accommodation. *See* Defendant's Preliminary Responses to Requests for Admissions, Set One, Admissions 1-5, 24–25. The only potential dispute is whether Plaintiff's allegations regarding strike side clearance describe an architectural barrier in violation of ADAAG regulations.

■ ADAAG Regulation 4.13.6 governs "Maneuvering Clearances at Doors" and provides that "minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25." Fig. 25, reproduced by Plaintiff in her Motion for Summary Judgment, provides that there must be at least 18 inches on the strike side wall of a "pull" door, although 24 inches is preferred. *See* Motion for Summary Judgment, 7. According to Plaintiff's Declaration, the strike side wall on the pull door to exit the women's restroom provides clearance of less than eleven inches. *Id.;* Rush Decl. 11–13. As such, it is in violation of ADAAG regulations and considered a barrier to access. Plaintiff also alleges that it is undisputed that this barrier is readily achievable to remove. Plaintiff's Statement of Undisputed Facts, ¶ 6.

Plaintiff has thus established a prima facie case of discrimination, at which point

---

**2.** To the extent Plaintiff seeks a remedy other than the removal of the highchairs, it is DENIED because no violation other than the highchairs blocking access was pled in her complaint and thus Defendant could not have

been on notice of such violation. *See Parr,* 96 F.Supp.2d at 1088 (claims not asserted in an amended complaint are not actionable because the defendant didn't receive fair notice).

the burden shifts to Defendant to rebut Plaintiff's evidence. Defendant's "opposition" does not challenge any of Plaintiff's facts. Defendant hints at a dispute of law by stating that the "undersigned believes there is no requirement for the longer wall Plaintiff appears to be seeking." Opposition, Docket 42, p. 4. Even at oral argument, Defendant did not point to any law or facts to rebut Plaintiff's prima facie case, nor could Defendant explain why Plaintiff's deposition is necessary to resolve a dispute of law. Defense counsel's unsupported musing is far from sufficient to rebut Plaintiff's prima facie case.

If a party opposing a motion for summary judgment lacks competent evidence which refutes, or at least casts doubt upon, a fact that the moving party presents evidence to establish, that fact is considered to be uncontroverted. Summary judgment in favor of the moving party is appropriate, and will be granted, where the Court is able to make a legal ruling in favor of the moving party based upon the material uncontroverted facts presented in connection with a motion for summary judgment. Although the burden on a party moving for summary judgment is substantial, the burden on a party opposing a motion for summary judgment must not be underestimated. On this point, at least four federal circuits have held that the summary judgment is the "put up or shut up" moment in a lawsuit, when the nonmoving party must show what evidence it has that would convince a trier of fact to accept its version of events. See e.g., *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006); *Weinstock v. Columbia University*, 224 F.3d 33 (2d Cir.2000); *Schacht v. Wisconsin Dep't of Corrections*, 175 F.3d 497 (7th Cir.1999); *Cox v. Kentucky Dep't of Transportation*, 53 F.3d 146 (6th Cir.1995).

Defendant cannot simply submit a completely conclusory and entirely insufficient Rule 56(e) motion as its opposition and expect it to successfully oppose a Motion for Summary Judgment when Plaintiff has pled a prima facie case of discrimination. Defendant has been on notice of Plaintiff's allegations regarding the exit door to the women's restroom from day one; there is no reason that it should have been unprepared to defend against a Motion for Summary Judgment on that ground at the present time. This was the time for Defendant to submit his evidence to disprove Plaintiff's one remaining claim; it failed to do so.

Plaintiff's Motion for Summary Judgment regarding the clearance to exit the women's restroom is hereby GRANTED.

### 3. *Affirmative Defenses*

Because Plaintiff's only remaining claims are denied as moot and granted, respectively, the Court has no occasion to consider Plaintiff's Motion for Summary Judgment to the extent it seeks summary judgment on Defendant's affirmative defenses.

## IV. DISPOSITION

For the aforementioned reasons, Plaintiff's Motion for Summary Judgment is GRANTED to the extent of Plaintiff's exit claim. Plaintiff's Motion for Summary Judgment regarding the entry claim is DENIED AS MOOT. Defendant's Rule 56(d) Motion is DENIED.

IT IS SO ORDERED.